**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF NEW YORK**

MONDIS TECHNOLOGY LTD.,

Petitioner,

v.

WISTRON CORPORATION,

Respondent.

Civil Action No. 1:15-cv-02340-RA

<u>**MONDIS TECHNOLOGY LTD.'S REPLY BRIEF IN SUPPORT OF ITS VERIFIED**</u>
<u>**PETITION FOR CONFIRMATION OF ARBITRAL AWARD**</u>

**I.      THE FINAL AWARD SHOULD BE CONFIRMED**

The Final Award meets all prerequisites for confirmation under the Federal Arbitration

Act and the New York Convention.  9 U.S.C. § 1 *et seq.*  Mondis and Wistron have an agreement

to arbitrate disputes under the PLA (Pet. Ex. A); a hearing was held before a duly constituted

tribunal; and the tribunal issued an award that is supported by the law and the facts.  The parties

agreed in the PLA that judgment would be entered upon any award by confirming, vacating,

modifying, or correcting it.  PLA § 10.5.  This is meant to be "'a summary proceeding that

merely makes what is already a final arbitration award a judgment of the court.'"  *D.H. Blair &*

*Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz,* 750

F.2d 171, 176 (2d Cir. 1984)).

Mondis seeks confirmation in accordance with the contract.  Wistron does not seek

vacatur, modification, or correction of the Final Award, and none of Wistron's arguments

provides any basis to refuse the Final Award.  Accordingly, the Final Award must be confirmed.

1

II.     **WISTRON'S OPPOSITION IS BASELESS**

Wistron tries to avoid this inevitability by seeking an order "refusing recognition and enforcement of the Final Award *to the extent Mondis seeks to recover the amounts withheld in taxes pursuant to Taiwanese law*."  Wistron Opp'n Mem. (hereinafter "Opp'n") (Dkt. 18) at 16 (emphasis added).  Wistron claims that the Final Award (a) violates U.S. public policy, and thereby Article V(2)(b) of the New York Convention, by forcing Wistron to violate Taiwan law; (b) violates Wistron's fundamental due process rights, and thereby Article V(1)(b) of the New York Convention, because Wistron was unable to present its case on Taiwan tax withholding; or (c) in the alternative, has been fully discharged by Wistron's partial payment to Mondis coupled with Wistron's payment of Taiwan withholding tax.  Wistron's arguments are baseless and serve only to continue to delay and frustrate the benefits of arbitration which the PLA was to bestow.

A.     **No Public Policy Bar To Confirmation And Enforcement**

Wistron fails to show that confirmation and enforcement of the Final Award would violate Taiwanese law.  Even if Taiwanese tax law required withholding based on payments under the Final Award (which remains unshown), nothing prevents Wistron itself from paying the taxes, as it expressly agreed to do in the PLA at § 6.3 ("*Wistron* will bear and pay all duties, levies and taxes … including, without limitation, withholding, sales and value added taxes ….") (emphasis added).  Wistron seeks to shift the tax burden onto Mondis that Wistron agreed was its own.

Wistron also fails to address the timeworn "revenue rule" of U.S. public policy, *i.e.*, to *refrain* from enforcing another country's tax laws.  *See, e.g., European Cmty. v. RJR Nabisco, Inc.*, 424 F.3d 175, 179 (2d Cir. 2005) ("Under the long-standing common law doctrine known as the 'revenue rule,' the courts of one nation will not enforce final tax judgments or

unadjudicated tax claims of other nations."); *British Columbia v. Gilbertson*, 597 F.2d 1161, 1163 (9th Cir. 1979) ("Stated simply, the revenue rule merely provides that the courts of one jurisdiction do not recognize the revenue laws of another jurisdiction.").  But that is what Wistron's view of U.S. public policy would require this Court to do.

Wistron fleetingly cites *Europcar Italia, S.p.A. v. Maiellano Tours, Inc*., 156 F.3d 310 (2d Cir.1998) and *United States v. Ross*, 302 F.2d 831 (2d Cir. 1962).  Opp'n 11.  *Europcar* is inapposite (discussing enforcement of a forged agreement); and *Ross* merely added a requirement for a perfunctory Bahamian consent before shares of a Bahamian corporation were transferred.  Neither *Europcar* nor *Ross* concerned a foreign tax law, or the public policy of the United States in enforcing foreign tax laws.

### B.     No Due Process Bar To Confirmation And Enforcement

Wistron cannot credibly argue that it was prevented from raising its Taiwan tax claim in the arbitration.  First, contrary to Wistron's claim, it did not plead or prove its Taiwan tax claim, either in making its own claims or in defending against Mondis' counterclaims.  Although Wistron avers that it pled Taiwan tax withholding "squarely" six times in its brief, there is *no* reference to *Taiwan* tax withholding in its Statement of Claim.  Wistron relies on two references to tax withholding generally in two footnotes in the statement of facts, and one of those footnotes even acknowledges that under PLA § 6.3, *Wistron* bears the burden of withholding taxes.  *See* Decl. Matthew G. Ball (hereinafter "Ball Decl.") Ex. F (Dkt. 19-6) (excerpt of Wistron Statement of Claim) at 8 nn. 10, 11.  There is no reference to any tax withholding whatsoever in Wistron's Statement of Defense to Counterclaim.   Indeed, when Mondis raised the point, the tribunal confirmed that "[n]o claim as to Wistron's right to deduct Taiwan taxes from royalties or other

payments due under the contracts at issue in this arbitration was ever made or determined in this arbitration." Ball Decl. Ex. K (Dkt. 19-11) (Procedural Order Post-Final Award) at ¶ 7.

Second, it was *Wistron* that prevented the tribunal from deciding the Taiwan tax issue afterwards as well. Mondis did not know there was any Taiwan tax issue until January 8, 2015, after the Final Award had been issued, when Wistron told Mondis it would not make full payment under the Final Award. *See* Decl. Edward Kling (hereinafter "Kling Decl.") Ex. A. The very same day, Mondis' counsel immediately wrote to Wistron's counsel, stating that "[t]he Tribunal's order makes no provision for any Taiwan tax deduction," and asking Wistron to "confirm that the award will be paid in full." *Id*. When Wistron eventually confirmed its intention to withhold taxes from the amounts due under the Final Award, Mondis asked the Tribunal to rule on the issue on the mutual premise that it was appropriate to do so.[1] Surprisingly, however, Wistron replied that the Tribunal was *functus officio*. Ball Decl. (Dkt. 19) at ¶ 18. In fact, the Taiwan tax issue could have been decided in relation to further payments due from Wistron over which the Tribunal retains jurisdiction; and, in any event, arbitral jurisdiction is a matter of consent. In other words, it would have been possible to afford post-award jurisdiction had Wistron wanted to do so, but Wistron refused. Incredibly, Wistron now claims it was unable to present its case.

Wistron relies heavily on *Iran Aircraft Industries v. Avco Corp.*, 980 F.2d 141 (2d. Cir. 1992) (cited at Opp'n 12-13, 15), which has no application here. At issue in that case was an exchange between one party's counsel and the tribunal at an interlocutory stage which directly addressed the point at issue. *Id.* at 146. Counsel thought the tribunal allowed him to avoid

---

[1]     Despite repeated requests for a response, it was not until January 16 that Wistron's counsel disputed Mondis' position (Kling Decl. Ex. B); and when on that date he finally did, he contemplated having "[to] raise it with the Tribunal" (*id.*), as Mondis did on January 22 when it applied to the Tribunal for post-award relief.

presenting certain evidence, and relied on the allowance.  *Id.*  That evidence was ultimately not presented, and an award was made against his client because of the omission.  *Id.* at 146-47.  The matter came to the Second Circuit, and the outcome turned on the nature of the tribunal's representation, and the reasonableness of the affected party's reliance on it.  *Id.* at 147-48.

In this case, by contrast, the Taiwan tax issue was never raised or joined.  There was no representation on which Wistron could have relied.  Wistron says that "as a practical matter [it] was unable to present its case."  Opp'n 13.  Wistron was not unable to present its case:  it chose not to do so.[2]

### C.   Award Not Satisfied By Partial Payment

In the alternative, Wistron asks the Court to find that Wistron's partial payment to Mondis has satisfied its obligations under the Final Award.  Opp'n 15-16.  In effect, Wistron asks this Court *either* to interpret the Final Award as permitting Wistron to withhold Taiwanese taxes, *or* itself to decide the Taiwan tax issue on the merits that Wistron failed to raise in the arbitration and then prevented the tribunal from considering later.  As to the interpretation of the Final Award, the tribunal has itself already answered the question definitively:  "No claim as to Wistron's right to deduct Taiwan taxes from royalty or other payments due under the contracts at issue in this arbitration was ever made or determined in this arbitration."  Ball Decl. Ex. K (Dkt. 19-11) (Procedural Order Post-Final Award) at ¶ 7.  Wistron cannot comply with the Final Award by withholding part of the amount due and paying a tax outside the scope of the award.

Nor is there any jurisdiction for this Court to decide the Taiwan tax issue on the merits:

---

[2]      Wistron also argues that the Final Award is *infra petita* (Opp'n 15), relying on an article by Tan and Ahmad.  Ball Decl. Ex. N (Dkt. 19-14).  An arbitral award is *infra petita* when the tribunal "fails to decide on the issues submitted by the parties."  *Id.* (Page 3 of 13).  The Final Award cannot be *infra petita* based on the failure to decide the Taiwan tax issue, since the tribunal was not asked to decide it.

the question is a matter that arises under or in relation to the PLA and is unarguably within the scope of the arbitration agreement.  PLA § 10.5.[3]  Wistron cites no valid basis to deny Mondis the full amount due under the Final Award.

## III.    CONCLUSION

For the reasons stated above, as well as in Mondis' prior submissions, this Court should grant Mondis' petition to confirm the Final Award and enter an order confirming the Final Award.

Dated: June 29, 2015                             Respectfully submitted,
      New York, New York

                                                   DECHERT LLP

                                               By: */s/ Matthew L. Mazur*
                                                 Matthew L. Mazur
                                                 1095 Avenue of the Americas
                                                 New York, NY 10036-6797
                                                 Telephone: 212.698.3500

                                               Edward Kling
                                               160 Queen Victoria St.
                                               London EC4V 4QQ
                                               England
                                               Telephone:  +44.7184.7000

                                               Martin J. Black
                                               Vincent A. Gallo
                                               Cira Centre
                                               2929 Arch St.
                                               Philadelphia, PA 19106
                                               Telephone:  215.994.4000

                                             *Attorneys for Petitioner Mondis Technology Ltd.*

---

[3]      Wistron now argues that the parties' "course of dealing" entitles it to deduct Taiwan tax. Opp'n 7-8.  The assertion goes to the merits, and it is simply too late to allege this here.  Mondis would have resisted this allegation vigorously had it been asserted.  Mondis notes (without limitation) that PLA § 10.2 provides that "[n]o amendment, variation or waiver of any provision of this Agreement will be effective unless in writing and duly signed by both parties," and it is undisputed that there is no such executed writing.  Had Wistron presented its "course of dealing" claim in the arbitration, it would have lost.